UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY COONS,

    Plaintiff,

v.

LEACH,

    Defendant.

No. 2:19-cv-1497-TLN-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis (ECF No. 2).

## Application to Proceed in Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

Plaintiff raises two claims in his complaint. The first is cognizable and the second, as currently articulated, is not.

In his first claim, plaintiff alleges that defendant Leach used excessive force against him on April 15, 2019. ECF No. 1 at 3. Specifically, he claims that, while he was hand-cuffed and being placed in a wheelchair, Leach hit him in the groin and punched him in the mouth. *Id.* This claims, as noted supra, should proceed past screening.

In his second claim, plaintiff alleges that on an unspecified date(s), staff at the California Health Care Facility ("CHCF") subjected him to "disciplinary and verbal retaliation." *Id.* at 4. More specifically, plaintiff claims that staff's retaliatory action has infringed on his religious practice insofar as his prayer rug and other religious items have been confiscated. *Id.* He also

2

alleges that unnamed correctional officers have made threats of violence while subjecting him to body searches. *Id.* It is unclear from the allegations who these claims are brought against. The only named defendant in the complaint is Leach and he receives no mention in the second batch of claims. And, to the extent that these claims implicate defendants other than Leach, the court finds that the claims are insufficiently related to the excessive force claim to proceed in the same action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . ."). The basis of the alleged retaliation is also unclear insofar as plaintiff has not alleged what protected activity motivated staff's actions.

### III. Leave to Amend

Plaintiff may elect only to proceed with his excessive force claim against Leach. Or, he may delay serving any defendant and submit an amended complaint that addresses the deficiencies in his other claims. If he elects the latter option, he is advised that:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith.

3. Plaintiff's complaint alleges, for screening purposes, a viable Eighth Amendment excessive force claim against defendant Leach.

4. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

6. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: February 11, 2020.

                                                EDMUND F. BRENNAN
                                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY COONS,

        Plaintiff,

  v.

LEACH,

        Defendant.

No. 2:19-cv-1497 EFB P

<u>NOTICE</u>

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the Eighth Amendment excessive force claim against defendant Leach;

OR

(2) _____ delay serving any defendant and files an amended complaint.

                                        _____
                                               Plaintiff

Dated: