UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY COONS, Jr., | No. 2:19-cv-1497-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| LEACH, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Now pending is defendant Leach's ("defendant") motion for summary judgment wherein he argues that plaintiff failed to exhaust his administrative remedies before filing this suit. ECF No. 29. Plaintiff has filed an opposition to the motion - though he styles it as his own motion for summary judgment. ECF No. 31. Defendant has filed a reply. ECF No. 36.

After review of the pleadings and, for the reasons discussed below, the court concludes that defendant's motion should be granted.

Legal Standards

A.   Summary Judgment

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant

1

to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Summary judgment should be

entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

/////

3

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

> B. <u>Administrative Exhaustion</u>

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S. 731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 1168. Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies. *Id.* at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative

remedies effectively unavailable to him." *Id.* If, however, "a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id.* at 1166.

### Analysis

Plaintiff alleges that, on April 5, 2019 and at the California Health Care Facility ("CHCF"), defendant used excessive force against him while he was handcuffed and in a wheelchair. ECF No. 1 at 3. Defendant provides the declaration of S. De Jesus, a Correctional Counselor II at the CHCF. ECF No. 29-5 at 1. De Jesus states that a review of grievances submitted by plaintiff indicates that he submitted one grievance concerning the excessive force incident at bar - Appeal No. CHCF-E-19-02128. *Id.* at 2 ¶ 6. That grievance was submitted on or about May 19, 2019. *Id.* at 2 ¶ 7. The CHCF Appeals Office received the grievance on or about May 23, 2019 and, on May 29, 2019, the grievance was deemed untimely insofar as it exceeded the thirty-day limit and cancelled pursuant to prison regulations. *Id.* at 3 ¶¶ 8, 11. The cancellation letter informed plaintiff that he could separately appeal the cancellation decision. *Id.* at 8. DeJesus states that the appeals office has no record of plaintiff appealing the cancellation of his grievance. *Id.* at 4 ¶ 15.

Administrative exhaustion in the prison context requires a prisoner to use all the steps that the agency offers. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (noting that proper exhaustion "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."). And it is well settled that, where an opportunity to appeal the cancellation of a grievance exists and a prisoner elects not to undertake it, his cancelled grievance will not exhaust administrative remedies. *See*, *e.g.*, *Wilson v. Zubiate*, No. 14-cv-01032-VC, 2016 U.S. Dist. LEXIS 78951 at * 3 (N.D. Cal. June 8, 2016) ("Under the applicable regulations, this was not the end of the line — instead, [plaintiff] had the opportunity to (and was required to) appeal the cancellation."); *McCowan v. Hedricks*, No. C 13-3554 RS (PR), 2016 U.S. Dist. LEXIS 78795 at *6 (N.D. Cal. June 16, 2016) ("Although a cancelled appeal may not be submitted for further review, the inmate may separately appeal the cancellation. A cancelled appeal does not exhaust administrative remedies.") (internal citations omitted); *see also Vaughn v. Hood*, 670 F. App'x 962, 963 (9th Cir. 2016) (unpublished) ("The district court properly

dismissed Vaughn's action for failure to state a claim because it is clear from the face of the complaint and its attachments that Vaughn failed to exhaust his available administrative remedies by failing to appeal separately the third-level cancellation decision.").

For his part, plaintiff vaguely and briefly argues that administrative remedies were unavailable to him. ECF No. 31 at 2. He claims that his appeal was sent on April 12, 2019 and that it was never returned to him. *Id.* Plaintiff appears to allege that he submitted or re-submitted a second grievance form and "never received [his] 602 to exhaust [his] remedies." *Id.* He also claims that his repeated requests for copies were dismissed, but it is unclear what copies he sought or who rejected his requests. *Id.* As defendant properly notes in his reply, plaintiff has cited no record evidence that he submitted additional grievances. Nor does plaintiff explain why, if the grievance on record was the second he submitted (it is dated May 19, 2019 (ECF No. 29-5 at 9)), he neglected to alert prison officials to that fact by mentioning it in the latter grievance. The statements in the opposition are simply insufficient to defeat summary judgment. *See*, *e.g.*, *Hernandez v. Spacelabs Medical Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (holding that a nonmoving party "cannot defeat summary judgment with . . . unsupported conjecture or conclusory statements"); *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1033 (9th Cir. 2008) (noting that "unsubstantiated assertions do not create a triable issue of fact").

Conclusion

Accordingly, it is ORDERED that defendant's motion to stay discovery and modify the scheduling order (ECF No. 37) is DENIED as MOOT.

For the foregoing reasons, IT IS RECOMMENDED that:

1. Defendant Leach's motion for summary judgment (ECF No. 29) be GRANTED;
2. Plaintiff's claim against him be DISMISSED without prejudice for failure to exhaust administrative remedies; and

/////

/////

/////

6

3.  Plaintiff's motion for summary judgment (ECF No. 31) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 1, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7